## Isaac Pieser et al. v. Minkota Milling Co.

1. INTEREST—*Depends upon the Statute.*—Interest was not allowed at common law; its recovery in this State depends entirely upon our statute.

2. SAME—*When it can be Recovered.*—Interest is recoverable under the statute on money withheld, only where there has been an unreasonable and vexatious delay of payment.

3. SAME—*What is Not an Unreasonable and Vexatious Delay of Payment.*—A mere failure to pay a demand, or the defense of a claim, will not necessarily constitute the delay in payment unreasonable and vexatious.

**Assumpsit,** for merchandise sold, etc. Appeal from the Superior Court of Cook County; the Hon. JOSEPH E. GARY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1900. Remittitur suggested. If entered according to the suggestion the judgment will be affirmed for the remainder. Otherwise reversed and remanded. Opinion filed May 10, 1901.*

* Remittitur filed and cause affirmed for the remainder May 16, 1901.

**Statement.**—This is an action by appellee to recover the alleged contract price of 500 sacks of flour, equal, it is said, to 337 barrels, at the price of $3.85 per barrel; also the value of 250 jute sacks claimed to be worth ten cents each.

There had been previous dealings between the parties, which were adjusted, although appellant claims appellee did not, in those matters, comply with its agreement. The contract now in controversy is evidenced by two telegrams of June 11, 1895. The first of these was from appellee as follows: " What route sacks shipped. Offer patent three eighty-five bulk, answer;" to which appellant replied, " Sent sax St. Paul route. Book 500 patent eighty-five." There is no dispute as to the meaning of these telegrams so far as they relate to the present controversy. They apparently constituted an offer of " patent " flour in bulk at a price equivalent to $3.85 per barrel, and an acceptance of the offer to the extent of 500 sacks, equivalent to 337 barrels. Subsequently appellants requested appellee to cancel the sale, which request was declined, and August 14, 1895, appellee forwarded to appellant at Chicago 250 of the sacks of flour. The remaining 250 packages were shipped November 9th, following. Appellee furnished its own sacks for one of the shipments, appellant not having sent them, it is said, when requested. Appellants refused to accept the flour upon its arrival, but upon receiving from appellee's attorney a written tender, did finally receive and dispose of it, claiming they took it for what it was worth, reserving all their rights.

STORY, RUSSELL & STORY, attorneys for appellants.

FLOWER, VROMAN & MUSGRAVE, attorneys for appellee.

MR. JUSTICE FREEMAN delivered the opinion of the court.

Counsel for both parties apparently agree that the only material issue of fact is whether the flour in controversy conformed to the sample by which it was purchased. If there was evidence warranting the finding of the jury upon this issue, we should not be justified in disturbing the ver-

dict unless there was some injurious error in the admission or rejection of evidence, or in giving or refusing instructions. We do not deem it necessary to consider in detail the evidence offered on the part of appellants to show that the flour shipped was not equal in quality to the sample. It was inspected at appellants' instance by a flour inspector of the Board of Trade, and while it is claimed by appellee that the evidence fails to prove any connection between the flour so inspected and that shipped by appellee, yet assuming it was the same, as there is evidence tending to show, it appears the inspector's certificates state the flour so inspected was " sound, full weight, and equal to inspector's sample." Notwithstanding the evidence to the contrary, we are of opinion the jury were justified in concluding it did not warrant a finding that the flour shipped was inferior to the sample, or that it did not comply with the terms of sale.

It is urged that the court erred in refusing admission to evidence in support of a claim for damages by appellant for alleged breach of warranty on a previous transaction between the parties which had been closed. The evidence was clearly immaterial to the present controversy, and was properly ruled out.

We are of opinion, however, that it was error to include in the judgment, interest upon the account. Interest was not allowed at common law, and its recovery depends entirely upon our statute. I. C. R. R. Co. v. Cobb, 72 Ill. 148 (152). It is allowed by the statute on " money withheld by an unreasonable and vexatious delay of payment," but we are not satisfied the delay in payment, in the present case, was unreasonable or merely vexatious. There appears to have been a *bona fide* dispute between the parties as to whether the flour shipped conformed to the sample upon which the purchase was based. The telegrams, by which the sale and purchase were made, were not such instruments in writing as the statute contemplates in providing for allowance of interest thereon. No specific time was stated when the flour was to be delivered or paid for, and there

was no promise to pay interest. Mere failure to pay a demand, or the defense of a claim, will not necessarily constitute the delay in payment unreasonable and vexatious. County of Franklin v. Layman, 145 Ill. 138 (150); Hatterman v. Thompson, 83 Ill. App. 217 (222), and cases there cited.

If within ten days from the date of filing this opinion appellee shall enter with the clerk of this court a remittitur of the amount included in the judgment as interest, being apparently $248.69, the judgment will then be affirmed for the remainder. Otherwise it will be reversed and the cause remanded.